IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1055-B-BN |
| | § | |
| QUINCY BLAKELY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Quincy Blakely, indicted for assault of a public servant by the Dallas County Grand Jury in 2015, *see State v. Blakely*, No. F1518020 (Crim. Dist. Ct. No. 5, Dallas Cty., Tex.), has removed the aforementioned, still pending state criminal prosecution to this Court under 28 U.S.C. § 1455, *see* Dkt. No. 3. United States District Judge Jane J. Boyle has referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 5. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand this action to the Dallas County Criminal District Court No. 5.

**Legal Standards and Analysis**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *see also Borden v. Allstate Ins.*

*Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983))); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have an independent duty to examine their own subject matter jurisdiction).

28 U.S.C. § 1455, however, provides for the removal of criminal prosecutions.

"When a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court 'in which such notice is filed [to] examine the notice promptly.'" *Texas v. Kearns*, No. 5:14-cv-27-DAE, 2014 WL 258786, at *1 (W.D. Tex. Jan. 23, 2014) (quoting 28 U.S.C. § 1455(b)(4)). And, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4); *cf. Pennsylvania v. Brown-Bey*, 637 F. App'x 686 (3d Cir. 2016) (per curiam) ("summarily affirm[ing] the order of the District Court summarily remanding [defendant's] criminal case to state court").

As one district court in this circuit has explained,

> [a]lthough 28 U.S.C. § 1455 was enacted in December 2011, and has not yet been construed by the [United States Court of Appeals for the] Fifth Circuit..., other courts have concluded that the statute is purely procedural, and provides no substantive requirements for removal. A plain-language reading of the statute supports this conclusion: the statute requires that the removing party include in its notice of removal "all grounds for ... removal," but does not define what constitutes

> "grounds for removal." Therefore, [a court should] turn[] to the other removal statutes to identify the relevant grounds for removal.

*Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (footnote collecting authority omitted); *accord Texas v. Watkins*, No. 3:16-cv-1547-M-BH, 2016 WL 3930186 (N.D. Tex. June 21, 2016), *rec. accepted*, 2016 WL 3926430 (N.D. Tex. July 18, 2016); *City of Red Oak v. Searcy*, No 3:15-cv-2746-M-BK, 2015 WL 6669602, at *1-*2 (N.D. Tex. Oct. 5, 2015), *rec. accepted*, 2015 WL 6597117 (N.D. Tex. Oct. 29, 2015); *State of Tex. v. Searcy*, No. 3:15-cv-2668-O, 2015 WL 5882014, at *2-*3 (N.D. Tex. Oct. 5, 2015); *Taos Cty. Mag. Ct. v. Currier*, Crim. No. 14-4345 MCA, 2015 WL 10990364 (D.N.M. Jan. 6, 2015), *reconsideration denied*, 2015 WL 10990363 (D.N.M. May 12, 2015), *aff'd*, 625 F. App'x 358 (10th Cir. 2015); *cf. St. Louis Cty. v. Thomas*, 549 F. App'x 596, 596 (8th Cir. 2014) (per curiam) ("We have authority to review the district court's remand order. We hold that the district court properly remanded the case because the notice of removal did not comply with the procedural requirements of 28 U.S.C. § 1455, and did not meet the requirements for removal under 28 U.S.C. § 1443(1)." (citations omitted)); *Pennsylvania v. Randolph*, 464 F. App'x 46 (3d Cir. 2012) (per curiam) (similar).

> Only a very small class of criminal cases are removable to federal court. 28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (prosecutions of members of the armed forces); 28 U.S.C. § 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes).

*Mnuk v. Texas*, No. A-14-cv-1128-SS, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5,

2015), *rec. adopted*, 2015 WL 4395376 (W.D. Tex. July 16, 2015).

Turning to Section 1443, the only substantive provision of the federal removal statute that could be applicable here, that provision "is construed narrowly," *City of Houston v. Club Fetish*, Civ. A. No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013) (citing *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983)), and in pertinent part provides that

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1).

As another judge of this Court has explained,

> [i]n *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982), the Fifth Circuit articulated a two-prong test to determine whether removal is proper under § 1443.
>
>> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.
>
> *Id.* at 86 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))....
>
> Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal

> law violation pertaining to racial equality. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."). In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the Court reaffirmed this limitation, stating that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes *not protecting against racial discrimination, will not suffice.*" *Id.* at 219 (emphasis added). Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law "providing for specific rights stated *in terms of racial* equality." *Gulf Water Benefaction Co.*, 679 F.2d at 86 (emphasis added).

*Tex. Dep't of Prot. & Regulatory Servs. v. Mitchell-Davis*, No. 3:07-cv-1726-D, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." (citations omitted)).

Moreover, "the federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction." *Kearns*, 2014 WL 258786, at *2 (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *cf. Blakely v. Kelly*, No. 3:16-cv-2801-K-BN, 2016 WL 6581283 (N.D. Tex. Oct. 12, 2016), *rec. accepted*, 2016 WL 6566539 (N.D. Tex. Nov. 3, 2016) (staying previous civil rights action filed by Blakely under *Younger* in deference to pending state misdemeanor prosecution).

Here, Blakely mentions, in his notice of removal, alleged racial discrimination,

asserting that he is a victim of racial profiling. *See* Dkt. No. 3 at 3, 6, 7, 19, & 30. But, even if the Court accepts that those allegations meet Section 1443(1)'s first prong, Blakely still fails to show that any "provision of state law will cause the state courts to deprive [him] of the protection of federal constitutional or statutory rights." *Club Fetish*, 2013 WL 1767777, at *4 (citing *Johnson*, 421 U.S. at 219; *Hibernia Nat'l Bank v. Robinson*, 67 F. App'x 241, 241 (5th Cir. 2003) (per curiam); *Smith*, 717 F.2d at 194; *Williams v. Mississippi*, 608 F.2d 1021, 1022-23 (5th Cir. 1979)).

Blakely therefore has not shown that federal subject matter jurisdiction exists over this removed, pending state criminal prosecution, and the Court should summarily remand this action. *See* 28 U.S.C. § 1455(b)(4).

## Recommendation

The Court should *sua sponte* remand this action to the Dallas County Criminal District Court No. 5.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE